UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAWRENCE HANSFORD,

Defendant.

CAUSE NO. 3:20cr57 DRL
3:24cv661 DRL

<u>OPINION AND ORDER</u>

In a *pro se* petition under 28 U.S.C. § 2255, Lawrence Hansford asks the court to vacate his sentence based on *Erlinger v. Unites States,* 602 U.S. 821 (2024). He argues that he is entitled to a jury trial on whether his qualifying crimes under the Armed Career Criminal Act, 18 U.S.C. § 924(e), occurred on separate occasions. The court denies his petition.

BACKGROUND

On May 4, 2021, a jury found Lawrence Hansford guilty of unlawfully possessing a firearm as a felon [49]. At sentencing, the court found that Mr. Hansford had committed at least four prior crimes of violence and classified him as an armed career criminal under ACCA over his objection[1] [79 at 1-2]. 18 U.S.C. § 924(e)(1). "Congress enacted ACCA to address the 'special danger' posed by the eponymous 'armed career criminal.'" *Wooden v. United States*, 595 U.S. 360, 375 (2022) (quoting *Begay v. United States*, 553 U.S. 137, 146 (2008)). The statute "imposes lengthy mandatory prison terms on certain defendants who have previously

---

[1] Mr. Hansford objected that the sentence was unconstitutional under the Eighth Amendment and disproportional, not that he was entitled to a jury trial on whether the qualifying offenses occurred on separate occasions [79 at 1-2].

committed three violent felonies or serious drug offenses on separate occasions." *Erlinger*, 602 U.S. at 825. Applying the ACCA enhancement meant Mr. Hansford faced a mandatory minimum sentence of fifteen years rather than ten years under 18 U.S.C. § 922(g)(1). 18 U.S.C. § 924(e)(1). It also resulted in a recommended guideline range of 235-293 months. Weighing Mr. Hansford's lengthy violent criminal history, the seriousness of his offenses including his holding hostages, and his somewhat mitigating past, the court sentenced him to a below guidelines sentence of 216 months [79 at 8]. *See* 18 U.S.C. § 3553(a).

In June 2024, the Supreme Court decided *Erlinger*, 602 U.S. at 835. Building on *Wooden*, *Erlinger* held that sentencing courts could look to *Shepard* documents to determine the "limited" fact of a conviction but found the Sixth Amendment requires a jury, not a judge, to decide whether prior qualifying crimes of violence occurred on separate occasions. *Id.* at 839-840; *see also Shepard v. United States*, 544 U.S. 13, 16 (2005). Because *Erlinger* announced a new rule, Mr. Hansford now seeks a jury trial to determine whether his prior crimes occurred on separate occasions and qualify under ACCA.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The United States Constitution secures the writ of habeas corpus: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to habeas relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since

grown to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272-73 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Such a writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the entire record, the motion, and other files. The court holds an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). He must do this through a detailed sworn affidavit—a threshold requirement to an evidentiary hearing. *Kafo v. United* States, 467 F.3d 1063, 1067 (7th Cir. 2006). Allegations that prove merely "vague, conclusory, or palpably incredible," rather than detailed and specific, aren't good enough. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show that the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). Mr. Hansford makes a legal argument; he doesn't challenge facts; the court doesn't need an evidentiary hearing.

## DISCUSSION

The government argues that the petition is untimely. A prisoner has one year from the date on which the judgment of his conviction becomes final to file a § 2255 petition. When a defendant chooses not to appeal, his judgment of conviction becomes final at the end of the period when he could have appealed. *Davis v. United States*, 817 F.3d 319, 325 (7th Cir. 2016); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). The court sentenced Mr. Hansford on October 5, 2021 for unlawfully possessing a firearm as a felon and entered

judgment on October 7, 2021. He didn't appeal his sentence, and any notice of a direct appeal was required by October 21, 2021. This made October 21, 2022 his deadline to file a § 2255 petition. Mr. Hansford dated this petition July 29, 2024, well over a year after the deadline.

Mr. Hansford claims that his petition is timely because *Erlinger* announced a new rule that he calls retroactive. *See* 28 U.S.C. § 2255(f)(3) (extending the statute of limitations to one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). The government and Mr. Hansford agree that it announced a new rule,[2] although the parties disagree on the type of rule. *Erlinger* didn't speak to the rule's retroactivity. *Erlinger*, 602 U.S. at 835.

This hinges on whether the new rule is substantive or procedural. The government argues, correctly, that this is a procedural rule. As a general matter, "a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 593 U.S. 255, 258 (2021). Mr. Hansford argues that it is substantive. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). That contrasts with procedural rules, which "regulate only the *manner of determining* the defendant's culpability." *Id.* For example, *Ramos v. Louisiana*, 590 U.S. 83, 93 (2020), which required unanimous juries in serious criminal cases, announced a procedural rule because it concerned how a person was tried, not the offense's boundaries. *See Edwards*, 593 U.S. at 258. That is the

---

[2] The rule was not "*dictated* by precedent existing at the time the defendant's conviction became final," nor was it apparent to all reasonable jurists, so both parties correctly acknowledge that this jury requirement is a new rule. *Edwards v. Vannoy*, 593 U.S. 593, 265 (2021) (quoting *Teague v. Lane*, 489 U.S. 288, 301(1989)).

case here too—this rule addresses how Mr. Hansford was convicted and sentenced, not the constitutionality of his underlying offense. It is thus a procedural rule.

The government argues that the new procedural rule in *Erlinger* isn't retroactive; Mr. Hansford says it is. Procedural rules generally aren't retroactive on habeas review because the costs imposed "by retroactive application of new rules of constitutional law on habeas corpus [] generally far outweigh the benefits of this application." *Id.* at 264 (quoting *Sawyer v. Smith*, 497 U.S. 227, 242 (1990)). Applying procedural rules retroactively "seriously undermines the principle of finality which is essential to the operation of [the] criminal justice system." *Id.* at 263. Only "watershed" procedural rules are retroactive, and the court hasn't found a so-called watershed rule since announcing the exception. *Id.* (citing *Teague v. Lane*, 489 U.S. 288, 311(1989)). This holds true for fundamental jury rights—even the general right to a jury trial was procedural and nonretroactive, *DeStefano v. Woods*, 392 U.S. 631, 633 (1968), so there is little reason to treat this jury right in the context of sentencing differently. The Supreme Court has emphasized that it is "unlikely that additional watershed rules would emerge." *Edwards,* 593 U.S. at 267 (quotations and citation omitted). *Edwards* examined the history and went a step farther, announcing that "no new rules of criminal procedure can satisfy the watershed exception." *Id.* at 271. It concluded that the new rule requiring unanimous juries announced in *Ramos* wasn't retroactive. *Id.* at 262. There is no reason for this court to conclude that this new, ACCA-specific rule fits under the ghost of the watershed exception, particularly when the broader jury right wasn't retroactive. *DeStefano*, 392 U.S. at 633. The procedural *Erlinger* rule extending the jury right in the limited ACCA context isn't retroactive. *See also Earls v. United States*, 2024 U.S. App. LEXIS 32384, 3 (7th Cir. Dec. 20, 2024) (noting Supreme Court

did not make *Erlinger* retroactive); *McCline v. United States*, 2024 U.S. App. LEXIS 28472, 3 (7th Cir. Nov. 8, 2024) (same).

What's more, even if *Erlinger* were retroactive, Mr. Hansford's sentencing procedure resulted in harmless error. *See Erlinger*, 602 U.S. at 850 (Roberts, C.J., concurring) (noting that violations of the *Erlinger* right are "subject to harmless error review"). "Errors that infringe upon the jury's factfinding role are subject to harmless-error analysis." *United States v. Johnson*, 114 F.4th 913, 917 (7th Cir. 2024) (quotations and citations omitted). Harmless error review applies for failures to submit sentencing factors to a jury only if "it is clear beyond a reasonable doubt that a properly instructed jury would have found the same facts as the court." *Id.* (citations and quotations omitted); *see also Neder v. United States*, 527 U.S. 1, 15-16 (1999) ("An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.").

In considering whether prior offenses happened on separate occasions, a jury considers a "range of circumstances," including timing, proximity, and character and relationships of the offenses (*i.e.*, whether they share a common scheme or purpose). *Wooden*, 595 U.S. at 369. A "single factor—especially of time or place—can decisively differentiate occasions." *Id.* at 370. When there is no decisive factor, the question must go to a jury, as the Seventh Circuit recently held when robberies seemed to have shared a common purpose, were accomplished by the same means, and were committed within about a half mile distance in minutes. *Johnson*, 114 F.4th at 917 (holding that the lack of a jury was not harmless error). *Wooden*, 595 U.S. at 370-71, concluded that ten burglaries committed "in a single night, in a single interrupted course of conduct" in a single storage facility where each burglary was "part and parcel of the same

6

scheme, actuated by the same motive, and accomplished by the same means" were intertwined enough to be a single occasion. *Erlinger* analyzed prior burglaries committed in what the defendant argued was "a single criminal episode" in a span of a few days and said that a jury needed to decide the debatable factual question. *Erlinger,* 602 U.S. at 826-27, 840.

Unlike these cases, no close question exists for a jury here. Mr. Hansford has more crimes of violence than necessary—two burglaries, a felony assault, and a felony battery resulting in bodily injury [79]. He committed a burglary in March 1994 (sentenced in June 1994), another burglary in February 1995 (sentenced in August 1995), an assault in the second degree in August 2002 (sentenced in May 2003), and a felony battery resulting in bodily injury in January 2009 (sentenced in April 2009) [65 ¶ 39, 41, 43-44, 49]. These four unrelated convictions over the course of fifteen years are under different statutes, and Mr. Hansford served separate sentences in between committing the offenses. *Wooden*, 595 U.S. at 369; *see also United States v. Rodriguez,* 2022 U.S. App. LEXIS 35558, 5-6 (7th Cir. Dec. 23, 2022). Nothing ties these crimes of violence together other than Mr. Hansford. No reasonable jury properly instructed on the law could conclude that Mr. Hansford's offenses occurred on a single occasion. *Johnson*, 114 F.4th at 917. Because a jury trial on separate occasions wouldn't result in any changes to Mr. Hansford's ACCA status, this would be harmless error (even if applied to him), so the court must deny his petition.

Mr. Hansford also makes a passing request for counsel. Instead of providing specific reasons, he only says he wants assistance litigating these complex issues. He doesn't provide the court with any evidence he has tried to acquire counsel before asking the court, and there

is no right to counsel in § 2255 proceedings. *Rauter v. United States,* 871 F.2d 693, 695 (7th Cir.

1989). The court denies his request for counsel.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the court must "issue

or deny a certificate of appealability when it enters a final order adverse to the applicant." A

certificate of appealability may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing

Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Although the Seventh Circuit hasn't conducted the retroactivity analysis, it has decided

harmless error. *See Johnson*, 114 F.4th at 917. So whether reasonable minds may differ on the

retroactivity question, and the court doubts that, no one could doubt the harmless error. The

court denies a certificate of availability.

CONCLUSION

The court GRANTS Mr. Hansford's motion for leave to file a supplemental brief [94],

DENIES his request for counsel [94], DENIES Mr. Hansford's petition to vacate his sentence

under 28 U.S.C. § 2255 [90], and DENIES a certificate of appealability. This order terminates

the civil case [Cause No. 3:24cv661].

SO ORDERED.

January 14, 2025                                    *s/ Damon R. Leichty*
                                                   Judge, United States District Court